UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HAKEEM HAYES,

    Plaintiff,
v.                                                Case No. 8:22-cv-798-TPB-AAS

TSG COMMISSARY,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S APPLICATION TO
PROCEED WITHOUT COSTS AND DISMISSING CASE**

This matter is before the Court on Plaintiff Hakeem Hayes's *pro se* application to proceed without costs, filed on April 6, 2022. (Doc. 2). Upon review of the motion, complaint, court file, and record, the Court finds as follows:

Plaintiff, a Pasco County Jail inmate, has filed a complaint under 42 U.S.C. §1983 alleging that Defendant TSG Commissary is selling products that are marked "not for individual sale" and do not contain nutritional information labels. For relief, he seeks a court order directing the commissary "to sell the product in the allotted amounts" and damages in the amount of $100,000 for financial compensation and for his emotional and mental distress.

Since Plaintiff seeks to proceed *in forma pauperis*, the Court reviews his complaint under 28 U.S.C. § 1915(e)(2)(B). A court may dismiss a claim as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under the Eighth Amendment, prisoners are only

guaranteed the "minimal civilized level of life's basic necessities." *Hernandez v. Florida Dept' of Corr.*, 281 F. App'x 862, 865 (11th Cir. 2008). "An inmate 'cannot expect the amenities, conveniences, and services of a good hotel.'" *Smith v. Rutherford Cnty Adult Detention Ctr.*, No. 3:16-cv-01276, 2016 WL 4191728, at *2 (M.D. Tenn. Aug. 9, 2016) (quoting *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988)).

Upon review, the Court finds that this action is frivolous. Plaintiff complains that the commissary has sold products marked "not for individual resale" that lack adequate nutritional information labels. However, it is well-settled that prisoners have no constitutional right of access to or use of a jail or prison commissary. *See, e.g., Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996) ("[W]e know of no constitutional right of access to a prison gift or snack shop."). Without even a constitutional right to the use of the jail commissary, Plaintiff certainly cannot claim any constitutional right to purchase specific products at the commissary, such as products with certain types of labels. *See, e.g., Mitchell v. City of New York*, No. 10 Civ. 4121(PKC), 2011 WL 1899718, at *2 (S.D.N.Y. May 13, 2011) ("[C]ourts have repeatedly concluded that the prices and product selections offered by prison food vendors cannot give rise to a constitutional violation."). Furthermore, any claim based on a failure to receive nutritional information does not rise to the level of a violation of a constitutional right. *See, e.g., Smith*, 2016 WL 4191728, at *2-3; *Taylor v. Cochran*, No. 15-00448-WS-B, 2015 WL 9825073, at *3 (S.D. Ala. Dec. 16, 2015), *adopted by* 2016 WL 205399, at *1 (S.D. Ala. Jan. 15,

2016); *Blaxton v. Boca Grande Foods*, No. 4:08cv350-WS, 2008 WL 4888852, at *1-2 (N.D. Fla. Nov. 12, 2008).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith. Therefore, he is not entitled to a certificate of appealability, and *in forma pauperis* status is denied for the purpose of any appeal.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's motion to proceed without costs (Doc. 2) is hereby **DENIED**.

(2) This action is **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

(3) The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 13th day of April, 2022.

*/s/ T.P. Barber*
———————————————
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**